## WEBER v EPPSTEIN et

Ohio Appeals, 5th Dist, Stark Co
No. 1000.  Decided October 17, 1929

LEMERT, J.

The Canton Municipal Court was proposed and established for the purpose of

superseding and eliminating the Justice of the Peace Courts, together with other purposes, too numerous to mention.

Sec. **1579-670 GC.** provides that in all supplemental and ancillary proceedings after judgment, the Canton Municipal Court shall have the same jurisdiction as is conferred upon Justices of the Peace.

And Sec. **1579-672** provides that in all actions and proceedings in which the Canton Municipal Court has jurisdiction, all laws conferring jurisdiction upon the Court of Common Pleas, Police Courts or Justices of the Peace, giving such courts power to hear and determine such causes prescribing the force and effect of their judgments, orders or decrees and authorizing and directing the execution or enforcement thereof and their mode of procedure shall be held to extend to the Canton Municipal Court, unless inconsistent with the act.

Section **1579-690** provides that the laws governing the Court of Common Pleas as to pleadings and procedure except as otherwise provided, shall be held to apply so far as applicable to the Canton Municipal Court.

So, having reviewed the above sections, it is well to note **10354 GC.** as to whether or not this section would apply to appeal proceedings, that if the plaintiff or defendant claims more than $20.00, the case may be appealed to the Court of Common Pleas. The Canton Municipal Court act provides that the procedure of the Justice of the Peace Court should apply to the Canton Municipal Court unless **otherwise specified** and there is nothing otherwise specified in the act creating and governing the Canton Municipal Court.

Section **10382** specifies that in all cases not otherwise specially provided for by law either party may appeal from the final judgment of a Justice of the Peace to the Common Pleas Court of the county where the judgment was rendered. And it is well to note the conditions of **Sec. 11215** wherein it provides that Common Pleas Courts shall have appellate jurisdiction from the decisions of County Commissioners, Justices of the Peace and **other inferior Courts**, in the proper county in all civil cases, subject to the regulations provided by law.

Therefore the question arises as to whether or not the Municipal Court of the city of Canton is an inferior Court to the Court of Common Pleas.

In the case of **Commonwealth Oil Company v. Turk, 118 OS 273**, it is held that the sections of the General Code pertaining to appeals from the Common Pleas Court to the Court of Appeals in chancery cases apply by analogy to the Municipal Court of Cleveland and it is our contention that the sections pertaining to the appeals from the Justice of the Peace Court by analogy and by law apply to appeal proceedings from the Canton Municipal Court to the Common Pleas Court of Stark County.

We therefore find and hold that a litigant is entitled to an appeal from the Municipal Court of the city of Canton to the Common Pleas Court of Stark County, Ohio and the finding and judgment of the Court below will be and the same is hereby reversed.

Exceptions may be noted.

Houck, J., and Sherick, J., concur.