## KAPPNER v DOLAN

Ohio Common Pleas, Hamilton Co

Decided March 16, 1937

Fred L. Hoffman, Cincinnati, and George Luedeke, Cincinnati, for appellant.

Fred W. Murphy, Cincinnati, for appellee.

## OPINION

By MORROW, J.

Plaintiff below filed suit in the Municipal Court of Cincinnati for damages sustained by his automobile in a collision. The defendant below, by cross bill of particulars, asked for damages sustained by his automobile in the collision. The case was tried without a jury and resulted in judgment for the defendant. In the judgment entry the court assessed the costs against both plaintiff and defendant. A notice of appeal on questions of law and fact was filed by plaintiff below and the court below by entry stated as follows (in part):

"The judgment of the court has already been carried out and the costs have been paid. The court upon consideration thereof finds that said notice of appeal upon questions of law and fact is not intended to operate as a stay of execution of the court's judgment in the above entitled cause and will not so operate.

"It is therefore ordered by the court that no supersedeas bond or appeal bond be required of this plaintiff to perfect his appeal to the Common Pleas Court, Hamilton County, Ohio."

Transcript of the docket and journal entries was filed in this court, together with the original papers, and the document which was filed in this court and containing the same, is entitled "Appeal on Questions of Law and Facts."

The plaintiff below also filed in this court a "Petition on Appeal", and the defendant below has filed a motion to strike plaintiff's "Petition on Appeal" from the files, on the ground that no bond was filed and that the time for filing the bond has elapsed.

We will refer to the parties herein as plaintiff and defendant, as their position in the caption is the same here as below.

Two primary questions are presented:

1. Under the new act providing for appellate review can appeal be perfected by notice of appeal without the filing of a bond, and is this true as to appeal on questions of law and facts, as well as appeal on questions of law?

2. Can appeal on questions of law and facts be taken from a judgment of the Municipal Court of Cincinnati?

I.

We will take up the last question first.

"More than 80 years ago, the Ohio General Assembly enacted the law of 'Appeals' and 'Proceedings in Error' * * *. Except a few changes, notably in 1913, * * * it has remained almost in its original form.

"In May, 1935, the Ohio Legislature repealed the earlier law and placed on the statute books a new law for appellate review, which becomes effective January 1, 1936. * * *"

"Under the new appellate procedure all review is regarded as a continuation of the case." See Ohio Appellate Review and Forms.—Dawson pages 1 and 3.

"The new act does not affect the jurisdiction of any court. It merely sets up a new method of procedure. The new method will supplant all error proceedings, from any court or administrative body to any court." See Dawson, page 4.

Sec 12223-1, GC, reads as follows:

"1. The word 'appeal' as used in this act shall be construed to mean all proceedings whereby one court reviews or retries a cause determined by another court, an administrative officer, tribunal or commission.

"2. The 'appeal on questions of law' shall be construed to mean a review of a cause upon questions of law including the weight and sufficiency of the evidence and shall include all the procedings heretofore and otherwise designated in the general code as proceedings in error.

"3. The 'appeal on questions of law and fact' shall be construed to mean a rehearing and retrial of a cause upon the law and the facts and shall include all the proceedings heretofore and otherwise designated as an appeal, and shall be the same as may be designated by the phrase 'appeal on questions of fact'."

Comment:

"The term 'appeal' has heretofore been used in two senses: (1) to designate generally all appellate review, and (2) to designate the type of review in an Appellate Court. However, the first meaning will continue but the terms 'appeal on questions of law' and 'appeal on questions of law and fact' will be used to designate the type of review in an Appellate Court." See Dawson, page 10.

Sec 12223-4, GC, reads as follows:

"The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. Where leave to appeal must be first obtained, notice of appeal shall also be filed in the appellate court. After being duly perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

Comment:

"This section is new. It is the key section of the act. Under the former system we regarded the appeal in a chancery case as a continuation of the case, but error procedings were new proceedings starting with a petition and receiving summons or waiver. The new system adopts the theory of the chancery appeal. The act does not require notice to be served upon the opposite party.

"Since the notice of appeal is the only jurisdictional step, there will be fewer dismissals by Appellate Courts on procedural grounds." See Dawson, page 22.

Sec 12223-21 (2) GC provides as follows:

"(2) An appeal taken on questions of law and fact shall entitle the party to a hearing and determination of the facts de novo and shall be on the same or amended pleadings."

Sec 1558-26 GC, which is part of the code of the Municipal Court of Cincinnati was amended at the same time and to conform with the passage of the Appellate Procedure Act, and reads now as follows:

"Proceedings in error may be taken to the Common Pleas Court of Hamilton County, from a final order or judgment of the Municipal Court of Cincinnati in the same manner and under the same conditions as provided by law for proceedings in error from the Common Pleas Court to the Court of Appeals, of Hamilton County. In civil cases in which a judgment of more than three hundred dollars has been granted, or being prayed for has not been granted, proceedings in error from a final judgment or order of the Common Pleas Court of Hamilton County, upon * * * an appeal on questions of law from such final judgment or order of the Municipal Court to the Common Pleas Court of Hamilton County, may be had as in other cases originating in said Common Pleas Court, to the Court of Appeals of Hamilton County. The review of all cases other than civil actions and proceedings shall be had in the manner provided for review of civil actions and proceedings in which a judgment for more than three hundred dollars has been granted. There shall be no appeal to the Court of Appeals of Hamilton County, from the Common Pleas Court of Hamilton County, in any action or proceeding brought on review from the Municipal Court of Cincinnati, to the Common Pleas Court of Hamilton County."

Dawson says as to this:

"The sections following were not in general language, and therefore required amendment to conform to §§12223-1 GC et seq.

"It should be noted here that procedure for appeals to Common Pleas Courts remain unchanged." See Dawson, page 70.

It will be noted that §1558-26 GC refers to "appeal on questions of law," became effective the same date, January 1, 1936, and is a part of the new Appellate Review Act.

In the light of these statutes and comments, what are we to say as to plaintiff's contention that he is entitled to "appeal on questions of law and fact" from a judgment of the Municipal Court of Cincinnati.

First, it is apparent that if he had not the right to appeal from a Municipal Court judgment before the new procedure act, he has not the right to appeal on questions of law and fact at the present time.

"To appeal" before the new appellate act, meant the same as "to appeal on questions of law and fact" under the present act—a trial de novo.

As before stated, the jurisdiction of the court is not affected by the new Appellate Act. See Dawson page 4.

The right of appeal from a decision of the Municipal Court of Cincinnati has been passed on by our own Court of Appeals in a case entitled **Weaver v Reichert, 2 Abs 697,** and concerning which the motion to certify was overruled by the Supreme Court

of Ohio, as is shown by the table in "cases judicially noted" 15 Page's Ohio Digest, page 566.

The matter was one that troubled the Appellate Court considerably, as its opinion on March 10, 1924, on the authority of **Pullman Co. v Insurance Co., 107 Oh St 283,** and §11215, GC, sustained the right of appeal from a decision of the Municipal Court, of Cincinnati to the Common Pleas Court, and thereby reversed the Common Pleas Court.

However, on rehearing April 21, 1924, the court changed its mind, and Judge Hamilton says:

"There is no inherent right of appeal; it must be provided by statute; and, while, under the terms of §11215, GC, the Common Pleas Court has appellate jurisdiction, to invoke that jurisdiction the statute must give the right and provide the method.

"While we are of opinion that the legislature intended the law providing for appeal from justices of the peace to apply to the Municipal Courts we have concluded it has not done so under §1558-9 GC, and this court cannot supply the legislative omission. Specific provision has been made in the municipal code for the prosecution of error proceedings from the judgments of Municipal Courts.

"We therefore hold contrary to our former view, that there is no appeal provided by the statute from the Municipal Court to the Common Pleas Court."

The above opinion was not reported in full but was summarized in **2 Abs 697** as stated above.

To the same effect is an opinion of Judge Alfred Mack, October 19, 1933, in the case of Charles E. Hauser v Cecelia M. Weber, and to whose attention was called at that time the case of **Weber v Eppstein, 34 Oh Ap 10, (8 Abs 67),** which was decided by the Court of Appeals for Stark County, in 1929. and after our own Court of Appeals had spoken as to appeal from our own Municipal Court.

Weber v Eppstein emphasizes the effect of statute §11215 GC, and in relation to a somewhat similar Municipal Court statute holds that an appeal in a common law case could be taken from Canton Municipal Court to the Common Pleas Court. The appeal referred to is the same sort of appeal as is had from the justice court to the Common Pleas Court—a trial de novo—and the same sort of appeal as is now called "appeal on questions of law and fact."

Judge Mack says in his opinion:

"As to the decision in Weber v Eppstein, while the same is ordinarily persuasive, not being a decision of our own Court of Appeals, it is not binding upon this court. Being unable to agree with the reasoning of such decision, and especially in view of the history and purpose in the establishment of the Municipal Court of Cincinnati, the court declines to follow such decision."

I concur with Judge Mack in his disagreement with the reasoning of this case.

In view of these holdings, we conclude that the plaintiff has no right to an appeal on questions of law and █ fact from an adverse decision of the Municipal Court of Cincinnati, in the Common Pleas Court.

## II

Now as to question No. 1:

Under the new law as to appellate review can appeal be perfected by notice of appeal without the filing of a bond?

Our holding as to the second question does not mean that the petition on appeal of the plaintiff be stricken from the files, however, and even though there is no appeal on questions of law and fact to this court, under the law, and though no bond has been filed.

It is true that §12223-6 GC provides as follows:

"Except as provided in §12223-12 GC, no appeal shall be effective as an appeal on questions of law and fact unless and until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions as hereinafter provided, and unless the said bond be filed at the time the notice of appeal is required to be filed."

However, according to §12223-4 GC the only jurisdictional step required to be taken is the notice of appeal.

### Sec 12223-5 GC provides as follows:

"The notice of appeal shall designate the order, judgment, or decree appealed from and whether the appeal shall be on questions of law or questions of law and fact. In said notice the party appealing shall be designated the appellant, and the adverse party, the appellee, and the style of the case shall be the same as in the court of origin. The failure to designate the type of hearing upon appeal shall not be juris-

dictional and the notice of appeal may be amended by the Appellate Court in the furtherance of justice for good cause shown."

Dawson states as to this: (page 23)

"Under the last provision of the section the procedure is made very flexible and control will be in the hands of the court. If in a given case counsel is of the opinion that the matter is chancery and takes an appeal on questions of law and fact, the appeal need not be dismissed if the Appellate Court decides that the case is not a chancery matter. Counsel may amend the notice of appeal and the case will be heard as an appeal on questions of law."

We take it therefore that although this appeal starts out as an appeal on questions of law and fact, it may be amended and heard as an appeal on questions of law.

In his brief defendant's counsel states:

"It is our contention that §12223-6, GC, is jurisdictional and mandatory, and a failure to comply with this section requiring the filing of an appeal bond in order to perfect an appeal is grounds for the striking of the petition on appeal from the files."

As a matter of fact §12223-6 GC refers by its terms to an appeal on questions of law and fact, and states that no appeal upon such questions shall be effective as an appeal unless and until a bond is filed.

Dawson says at page 23:

"This section continues the practice of former §12226 GC. Since an appeal on questions of law and fact is essentially a retrial of the case, it should not be permitted unless the judgment of the lower court is superseded."

Sec 12226 GC of the old code is in the chapter "Title 5, Procedure in Court of Appeals on Appeal."

It would appear that this section contradicts §12223-4 GC if the words "no appeal shall be effective as an appeal" mean the same as "no appeal shall be deemed perfected."

We are not called upon to consider this, however, but only to mark ▮▮▮ that the appeal bond provisions of §12223-6 GC are provided only for appeal on questions of law and fact.

Sec 12223-9 GC refers to supersedeas bonds which will stay execution. No stay of execution is asked for or necessary here. Neither side recovered money judgment below and the costs below are paid. It is not attempted here to stay a judgment, for there is no judgment for money or otherwise to be stayed.

Statute §1558-26 GC states:

"Proceedings in error may be taken to the Common Pleas Court of Hamilton County, from a final order or judgment of the Municipal Court of Cincinnati in the same manner and under the same conditions as provided by law for proceedings in error from the Common Pleas Court to the Court of Appeals, of Hamilton County."

The statements set forth above seem to cover such proceedings.

Hence we hold that:

1. This appeal, if the same is amended to become an appeal on questions ▮▮▮ tions of law, is perfected without the filing of a bond, and on authority of §12223-4 GC.

2. No bond is necessary as this case stands.

3. The lower court is within its rights in dispensing with the bond, in view of the situation.

### III

In §12223-8 GC it is stated:

"In event the transcript and papers are not filed within said time either party may apply to the court to which the appeal is taken to have the case docketed and the court shall order them filed."

This section also provides:

"The transcript of the testimony or bill of exceptions or so much proof thereof as may be necessary for said appeal may be filed within such time as is provided for in the rules of court."

As far as we know there are no rules of this court addressed to the situation spoken of in §12223-8 GC, and if application is made, a narrative bill of exceptions may be presented to supplement the appeal, and the case proceed. At all events, and as to this case, we do not find any provision for a bond for an appeal on questions of law, and with reference to the instant matter, it may be tried here as cases were formerly reviewed on error from the Municipal Court.

The motion to strike plaintiff's "petition on appeal" from the files is overruled.